CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
02/02/2026
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 5:26cv00016 |
| v. | ) |
| CARLA THOMPSON-JOHN, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, United States of America, on behalf of the Department of Health and Human Services (HHS), by and through the United States Attorney for the Western District of Virginia, hereby alleges as follows:

### INTRODUCTION

1. This action is brought by the United States of America to collect civil penalties and other amounts owed to the United States under the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3001, *et seq.*

2. Defendant received a scholarship award through the National Health Service Corps (NHSC) Scholarship Program (42 U.S.C. § 2541) and breached her scholarship contract due to her failure to fulfill the terms and conditions of the awards. As a result, the amount of her scholarship, plus interest, became a debt to the United States pursuant to 42 U.S.C. § 254o(a)(1), and the United States seeks "to recover a judgment on [the] debt." 28 U.S.C. § 3001(a).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 because the United States is the plaintiff. The Court also has jurisdiction under the FDCPA. 28 U.S.C. § 3001(a).

4. Venue is proper in the Western District of Virginia pursuant to 28 U.S.C. §§ 1391(b)(1) and 3001(b) because Defendant resides in this district.

## PARTIES

5. Plaintiff is the United States of America acting pursuant to its authority under the FDCPA and National Health Service Corps Scholarship Program to collect a debt owed for a breach of Defendant's scholarship agreement.

6. Carla Thompson-John is a Virginia resident whose last known address is in Edinburg, Virginia.

## FACTS

I. **Defendant's Scholarship Contract**

7. On or about August 26, 2002, Defendant matriculated as a medical student at Howard University College of Medicine.

8. Defendant completed the first and second year of medical school at Howard University College Medicine between Fall 2002 and Spring 2004.

9. On March 1, 2004, Defendant applied for a scholarship award through the National Health Service Corps (NHSC) Scholarship Program ("Application"). *See* Ex. 2.

10. Defendant certified, as part of her Application, that "[she] underst[oo]d that [she] will be committed to provide full-time clinical primary health care services at an NHSC-approved

site in the health professional shortage area (HPSA) to which [she] is assigned by the NHSC." Ex. 2 at 17.

11. As part of Defendant's Application and receipt of the scholarship, she signed a contract ("Contract"). Ex. 2 at 18–19. The Contract explained that she was required to "[m]aintain enrollment as a full-time student until completion of the course of study for which the scholarship award is provided." *Id.* at 18. The Contract also stated that she agreed to "[m]aintain an acceptable level of academic standing," "[c]omplete a residency in a specialty that has been determined by the Secretary to be consistent with the needs of the Corps," and "[s]erve one year of obligated service for each school year the scholarship award is provided." *Id.*; *see also* 42 U.S.C. § 254*l*(f).

12. The Contract also stated that if Defendant "fails to maintain an acceptable level of academic standing in the course of study . . . or is dismissed from the educational institution for disciplinary reasons, then the application shall, instead of performing the service obligation, repay to the United States all funds paid to the applicant and to the educational institution under this contract. Payment of this amount must be made within 3 years of the date the applicant becomes liable . . . ." Ex. 2 at 18.

13. Defendant received the scholarship from HHS beginning in the Fall of 2004.

## II.   Defendant's Breach of Scholarship Terms

14. In 2004, Defendant failed the United States Medical Licensing Examination Step 1 twice.

15. Pursuant to Howard University College of Medicine policy, Defendant was required to take a year off of medical school and take an extended review course in preparation for a third and final attempt at passing the United States Medical Licensing Examination Step 1.[1]

16. Defendant later returned to the Howard University College of Medicine successfully completing her third and fourth years between Fall 2005 and Spring 2007.

17. HHS made the following tuition payments for Defendant pursuant to the scholarship:

   a. $11,956.50 for Fall 2005;

   b. $11,956.50 for Spring 2006;

   c. $12,664.50 for Fall 2006; and

   d. $12,636.50 for Spring 2007.

18. As part of the scholarship, HHS also provided Defendant monthly stipend payments between August 2005 and June 2007, totaling $25,729.00.

19. Also, as part of the scholarship, HHS provided Defendant $8,127 in other reasonable cost payments between October 2005 and October 2006.

20. Defendant failed the United States Medical Licensing Examination Step 2 CK twice. As a result, she was again required to take an extended review course in preparation for the third and final attempt during the 2007–2008 academic year.

21. In 2008, Defendant failed her third attempt at passing the United States Medical Licensing Examination Step 2 CK.

---

[1] Despite not being enrolled in medical school for the 2004–2005 school year, HHS nonetheless provided Defendant scholarship money. This scholarship money was an overpayment because Defendant was not enrolled in medical school during that time. HHS is not seeking collection of this overpayment.

22. As a result of Defendant's inability to pass the requisite licensing exam, Defendant was dismissed from the Howard University College of Medicine on March 7, 2008.

23. Defendant appealed her dismissal from the Howard University College of Medicine to the Promotion and Graduation Committee. Her appeal was denied.

24. Because Defendant failed to maintain academic standing and was dismissed, she defaulted on her Contract and federal statute requires that she is "liable to the United States for the amount which has been paid to h[er]." 42 U.S.C. § 254o(a)(1)(A).

25. Pursuant to the terms of the Contract, Defendant had until March 8, 2011, to repay the scholarship in full without interest.

26. Defendant did not make any payments to HHS toward her scholarship prior to March 8, 2011.

27. Defendant is liable to the United States for payments made for or on her behalf pursuant to the Contract, totaling $83,070.00, plus interest (the "Debt"). *See* Certificate of Indebtedness, Ex. 1.

28. Defendant's Debt pursuant to the Contract and 42 U.S.C. § 254o(a)(1)(A) is a debt to the federal government.

### III. The United States' Attempts to Collect the Debt

29. In 2011, HHS contacted Defendant to seek collection of the Debt, but Defendant did not make any payments.

30. On July 23, 2013, HHS Debt Management Branch, Division of Financial Operations, Program Support Center sent Defendant a letter seeking repayment of the Debt.

31. On July 26, 2013, HHS Debt Management Branch, Division of Financial Operations, Program Support Center sent Defendant a letter notifying her that the agency intended to refer the Debt to other federal agencies for the purpose of administrative offset.

32. On August 13, 2013, HHS Debt Management Branch, Division of Financial Operations, Program Support Center sent Defendant a repayment agreement, establishing a $25 per month repayment plan.

33. Between October 17, 2013, and September 28, 2018, Defendant made voluntary payments totaling $835.00.

34. Between June 23, 2014, and December 14, 2018, HHS sent Defendant several delinquent Debt notices and placed the Debt in the Treasury Offset Program.

35. On December 14, 2018, HHS notified Defendant that her Debt was seriously delinquent.

36. On November 23, 2023, HHS notified Defendant of HHS's intent to refer the Debt to other federal agencies for the purpose of administrative offset.

37. On March 10, 2025, HHS sent Defendant a final notice seeking repayment of the Debt.

38. Between May 10, 2017, and November 12, 2025, HHS collected $4,065.15 from Defendant through the Treasury Offset Program.

39. On December 2, 2025, HHS sent Defendant a second final notice seeking repayment of the Debt.

40. On December 8, 2025, HHS sent Defendant a letter notifying her that the interest rate on her debt was 10.375% and that if she did not respond within 30 days of the letter, HHS would refer the Debt to the Department of Justice for collection.

41. Defendant did not respond to HHS's December 8, 2025 letter.

42. Despite HHS's numerous attempts to collect the Debt, HHS has been unable to collect the Debt or establish a satisfactory repayment arrangement.

**COUNT I – DEBT TO THE UNITED STATES (42 U.S.C. § 254o(a)(1); 28 U.S.C. § 3001)**

43. Paragraphs 1–41 are reincorporated as if fully stated herein.

44. Defendant breached her Contract.

45. Due to Defendant's breach and 42 U.S.C. § 254o(a)(1), Defendant owes HHS a principal amount of $83,070.00 plus interest at 10.375% per annum. *See* Ex. 1.

46. As of November 30, 2025, the unpaid balance of the Debt was $183,268.53 ($83,070.00 in principal, and $100,198.53 in interest). *See* Ex. 1.

47. Title 42 Section 254o(e) provides that there is no statute of limitation to file suit seeking a judgment for a debt pursuant to § 254o.

48. The Debt is a debt owed to the federal government pursuant to 28 U.S.C. § 3001.

49. Accordingly, the United States is entitled to judgment against Defendant in the amount of $183,268.53, for which interest accrues on the principal amount at a fixed rate of 10.375% per annum, costs, and penalties.

**PRAYER FOR RELIEF**

The United States of America respectfully requests the following relief:

1. A Judgment against Defendant for the principal amount of $83,070.00;

2. A Judgment against Defendant for interest on the principal amount at the rate of 10.375% per annum;

3. Post-judgment interest at the rate provided by 28 U.S.C. § 1961, until the obligation is fully satisfied;

4. A Judgment against Defendant for the 10% surcharge authorized by the FDCPA, 28 U.S.C. § 3011(a); and

5. Any other appropriate relief.

                                              Respectfully submitted,

                                              ROBERT N. TRACCI
Date: <u>February 2, 2026</u>               Acting United States Attorney

                                              */s/ Krista Consiglio Frith*
                                              Krista Consiglio Frith
                                              Assistant United States Attorney
                                              Virginia State Bar No. 89088
                                              P. O. Box 1709
                                              Roanoke, VA  24008-1709
                                              Telephone: (540) 857-2250
                                              Facsimile: (540) 857-2283
                                              E-mail:  krista.frith@usdoj.gov